1  DAVID J. KAMINSKI, ESQ., (SBN #128509)
   KaminskiD@cmtlaw.com
2  LARISSA G. NEFULDA, ESQ., (SBN #201903)
   NefuldaL@cmtlaw.com
3  CARLSON & MESSER LLP
   5959 W. Century Boulevard, Suite 1214
4  Los Angeles, California 90045
   (310) 242-2200 Telephone
5  (310) 242-2222 Facsimile

6  Attorneys for Defendant, ERICA L. BRACHFELD, A.P.C.

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORIE A. VALDIVIA, an individual,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>CAPITAL ONE BANK, a corporation; and ERICA L. BRACHFELD, A PROFESSIONAL CORPORATION d/b/a BRACHFELD & ASSOCIATES, P.C.; and DOES 1-10 inclusive<br><br>　　　　　　Defendants. | CASE NO. CV09-00534 GHK (CWx)<br><br>**DEFENDANT ERICA L. BRACHFELD, A.P.C.'S ANSWER TO COMPLAINT** |

**COMES NOW** Defendant, ERICA L. BRACHFELD, A.P.C. ("Defendant"), appearing for itself and for no other person, firm or entity, files its Answer to the Complaint of Plaintiff, LORIE A. VALDIVIA ("Plaintiff"), an individual, by admitting, denying and alleging as follows:

　　　1.　　Answering Paragraph 1 of the Complaint, Defendant admits that Plaintiff brought this action against Defendant. As for the remaining allegations, the allegations set forth are conclusions of law and therefore, no response is required.

2. Answering Paragraph 2 of the Complaint, Defendant admits that this Court generally has jurisdiction over claims arising under 15 U.S.C. § 1692k(d), but denies that Plaintiff has any such claim herein. Defendant admits that generally venue would be proper if Plaintiff had a valid claim, but denies that Plaintiff has any claim herein.

3. Answering Paragraph 3 of the Complaint, Defendant admits that Plaintiff is a natural person. Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's remaining allegations, and, on that basis, denies the remaining allegations.

4. Answering Paragraph 4 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations, and, on that basis, denies each and every allegation therein.

5. Answering Paragraph 5 of the Complaint, Defendant admits that ERICA L. BRACHFELD, A.P.C. is a California professional corporation doing business in California of collecting consumer debts owed to another, with its principal place of business located at 20300 S. Vermont Ave., Suite 120, Torrance, CA 90502.

6. Answering Paragraph 6 of the Complaint, Defendant admits the allegations therein.

7. Answering Paragraph 7 of the Complaint, Defendant admits it is a debt collector under 15 U.S.C. 1692, et seq.

8. Answering Paragraph 8 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's

CARLSON & MESSER LLP
5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045

allegations, and, on that basis, denies each and every allegation contained therein.

9. Answering Paragraph 9 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations, and, on that basis, denies the allegations.

10. Answering Paragraph 10 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations, and, on that basis, denies each and every allegation contained therein.

11. Answering Paragraph 11 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations, and, on that basis, denies the allegations.

12. Answering Paragraph 12 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations, and, on that basis, denies the allegations.

13. Answering Paragraph 13 of the Complaint, the allegations set forth are conclusions of law and therefore, no response is required.

14. Answering Paragraph 14 of the Complaint, Defendant admits the allegations therein.

15. Answering Paragraph 15 of the Complaint, Defendant admits it communicated with Plaintiff on November 5, 2007. Defendant is without information sufficient to form a belief as to the truth of Plaintiff's remaining allegations, and, on that basis, denies each and every remaining allegation therein.

16. Answering Paragraph 16 of the Complaint, Defendant admits it communicated with Plaintiff on November 21, 2007. Defendant denies the remainder of the allegations.

17. Answering Paragraph 17 of the Complaint, Defendant admits it communicated with Plaintiff on November 28, 2007. Defendant denies the remainder of the allegations.

18. Answering Paragraph 18 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations, and, on that basis, denies the allegations.

19. Answering Paragraph 19 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations, and, on that basis, denies each and every allegation therein.

20. Answering Paragraph 20 of the Complaint, Defendant admits it received a letter from Plaintiff. Defendant denies the remainder of the allegations.

21. Answering Paragraph 21 of the Complaint, Defendant denies the allegations therein.

22. Answering Paragraph 22 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations, and, on that basis, denies each and every allegation therein.

23. Answering Paragraph 23 of the Complaint, Defendant denies the allegations therein.

24. Answering Paragraph 24 of the Complaint, Defendant is without

knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations, and, on that basis, denies each and every allegation therein.

25.  Answering Paragraph 25 of the Complaint, Defendant denies the allegations therein.

26.  Answering Paragraph 26 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations, and, on that basis, denies each and every allegation contained therein.

27.  Answering Paragraph 27 of the Complaint, Defendant admits it contacted Plaintiff on April 7, 2008. Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's remaining allegations, and, on that basis, denies each and every remaining allegation contained therein.

28.  Answering Paragraph 28 of the Complaint, Defendant admits it communicated with Plaintiff on May 6, 2008. Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's remaining allegations, and, on that basis, denies each and every remaining allegation contained therein.

29.  Answering Paragraph 29 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations, and, on that basis, denies each and every allegation contained therein.

30.  Answering Paragraph 30 of the Complaint, Defendant is without

knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations, and, on that basis, denies each and every allegation contained therein.

31. Answering Paragraph 31 of the Complaint, Defendant denies the allegations therein.

32. Answering Paragraph 32 of the Complaint, Defendant denies the allegations therein.

33. Answering Paragraph 33 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations, and, on that basis, denies each and every allegation contained therein.

34. Answering Paragraph 34 of the Complaint, Defendant denies the allegations therein.

35. Answering Paragraph 35 of the Complaint, Defendant denies the allegations therein.

36. Answering Paragraph 36 of the Complaint, Defendant hereby incorporates all of the above paragraphs of this Answer as though fully stated herein.

37. Answering Paragraph 37 of the Complaint, Defendant denies the allegations therein.

37a. Answering Paragraph 37a of the Complaint, Defendant denies the allegations therein.

37b. Answering Paragraph 37b of the Complaint, Defendant denies the

allegations therein.

37c.  Answering Paragraph 37c of the Complaint, Defendant denies the allegations therein.

37d.  Answering Paragraph 37d of the Complaint, Defendant denies the allegations therein.

37e.  Answering Paragraph 37e of the Complaint, Defendant denies the allegations therein.

37f.  Answering Paragraph 37f of the Complaint, Defendant denies the allegations therein.

37g.  Answering Paragraph 37g of the Complaint, Defendant denies the allegations therein.

37h.  Answering Paragraph 37h of the Complaint, Defendant denies the allegations therein.

37i.  Answering Paragraph 37i of the Complaint, Defendant denies the allegations therein.

37j.  Answering Paragraph 37j of the Complaint, Defendant denies the allegations therein.

38.  Answering Paragraph 38 of the Complaint, Defendant denies the allegations therein.

39. Answering Paragraph 39 of the Complaint, Defendant hereby incorporates all of the above paragraphs of this Answer as though fully stated herein.

40.  Answering Paragraph 40 of the Complaint, Defendant denies the

allegations therein.

40a.  Answering Paragraph 40a of the Complaint, Defendant denies the allegations therein.

41.  Answering Paragraph 41 of the Complaint, Defendant denies the allegations therein.

42.  Answering Paragraph 42 of the Complaint, Defendant denies the allegations therein.

43. Answering Paragraph 43 of the Complaint, Defendant hereby incorporates all of the above paragraphs of this Answer as though fully stated herein.

44.  Answering Paragraph 44 of the Complaint, Defendant denies the allegations therein.

45.  Answering Paragraph 45 of the Complaint, Defendant denies the allegations therein.

46.  Answering Paragraph 46 of the Complaint, Defendant denies the allegations therein.

47.  Answering Paragraph 47 of the Complaint, Defendant denies the allegations therein.

48.  Answering Paragraph 48 of the Complaint, Defendant denies the allegations therein.

**PRAYER FOR RELIEF**

Defendant denies Plaintiff is entitled to any relief, including but limited to, relief under the Fair Debt Collection Practices Act and the Rosenthal Fair Debt

Collection Practices Act.

## FIRST AFFIRMATIVE DEFENSE

49. As a separate, affirmative defense, Defendant alleges that the Complaint, and each and every purported cause of action contained therein, fails to state facts sufficient to constitute a cause of action.

## SECOND AFFIRMATIVE DEFENSE

50. As a separate, affirmative defense, Defendant alleges that the alleged actions of defendants were proper and did not violate any provisions of 15 U.S.C. § 1692 et. seq.

## THIRD AFFIRMATIVE DEFENSE

51. As a separate, affirmative defense, Defendant alleges that at all times mentioned in the Complaint, Defendant acted lawfully and within its legal rights, with a good faith belief in the exercise of that right, and in the furtherance of a legitimate business purpose. Further, Defendant acted in good faith in the honest belief that the acts, conduct and communications, if any, of the Defendant was justified under the circumstances based on information reasonably available to this answering Defendant.

## FOURTH AFFIRMATIVE DEFENSE

52. As a separate, affirmative defense, Defendant alleges that the alleged actions of the Defendant were not accompanied by actual malice, intent or ill will.

## FIFTH AFFIRMATIVE DEFENSE

53. As a separate, affirmative defense, assuming arguendo that this Defendant violated a statute alleged in the complaint, which presupposition the

Defendant denies, such violation was not intentional and resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

### SIXTH AFFIRMATIVE DEFENSE

54. As a separate, affirmative defense, Defendant alleges that it, at all times alleged in the complaint, maintained reasonable procedures created to prevent any type of intentional violations of the Fair Debt Collection Practices Act.

### SEVENTH AFFIRMATIVE DEFENSE

55. As a separate, affirmative defense, Defendant alleges that if Plaintiff was damaged in any sum or sums alleged, which Defendant denies, then Plaintiff's damages are limited by 15 U.S.C. § 1692(k)(a)(1), § 1692(k)(a)(2)(A), § 1692(k)(a)(3) and 15 U.S.C. § 1692(k)(b)(1).

### EIGHTH AFFIRMATIVE DEFENSE

56. As a separate, affirmative defense, Defendant alleges that Defendant's conduct, communications and actions, if any, were privileged pursuant to 15 U.S.C. § 1692(k)c).

### NINTH AFFIRMATIVE DEFENSE

57. As a separate, affirmative defense, Defendant alleges that if Plaintiff was damaged in any sum or sums alleged, which Defendant denies, then Plaintiff's damages are limited by California Civil Code Section 1788.30.

### TENTH AFFIRMATIVE DEFENSE

58. As a separate, affirmative defense, Defendant alleges that the alleged actions of Defendant was proper and did not violate any provisions of California

Civil Code Section 1788, et seq.

## ELEVENTH AFFIRMATIVE DEFENSE

59. As a separate, affirmative defense, Defendant reserves the right to allege and assert any additional and/or further affirmative defenses as become apparent to Defendant during the course of this litigation.

**WHEREFORE**, this answering Defendant prays,

1. That Plaintiff take nothing by reason of his Complaint;
2. For judgment in favor of Defendant, and against Plaintiff;
3. For costs of suit and reasonable attorneys' fees incurred; and
4. For such other and further relief as the Court may deem just and proper.

DATED: March 26, 2009                     CARLSON & MESSER LLP


                                          By /s/ David J. Kaminski
                                          David J. Kaminski, Esq.
                                          Larissa G. Nefulda, Esq.
                                          Attorneys for Defendant
                                          ERICA L. BRACHFELD, A.P.C.