**DOLL AMIR & ELEY LLP**
Hunter R. Eley (SBN 224321)
Hemmy So (SBN 259374)
1888 Century Park East
Suite 1106
Los Angeles, CA 90067
Telephone: (310) 557-9100
Facsimile: (310) 557-9101
E-mail:  HEley@dollamir.com
 HSo@dollamir.com

Attorneys for Defendant
CAPITAL ONE BANK (USA), N.A.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORIE A. VALDIVIA,<br><br>  Plaintiff.<br><br>  v.<br><br>CAPITAL ONE BANK, a corporation; and ERIC L. BRACHFIELD, A PROFESSIONAL CORPORATION d/b/a BRACHFIELD & ASSOCIATES PC; and DOES 1 through 10 inclusive,<br><br>  Defendant(s). | CASE NO. CV09-00534 GHK(CWx)<br><br>**ANSWER OF DEFENDANT CAPITAL ONE BANK (USA), N.A.** |

NOW COMES defendant CAPITAL ONE BANK (USA), N.A. ("CAPITAL ONE"), by and through its counsel, and hereby answers the Complaint filed by LORIE A. VALDIVIA ("Plaintiff") and alleges as follows:

## I. INTRODUCTION

1. Answering paragraph 1, CAPITAL ONE admits that Plaintiff has alleged violations based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA") and the California Rosenthal Act, Civil Code § 1788 et seq. ("Rosenthal Act"). CAPITAL ONE states that these are legal conclusions that are not subject to denial or admission.

## II. JURISDICTION AND VENUE

2. Answering paragraph 2, CAPITAL ONE admits that Plaintiff has alleged jurisdiction based on 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337, and supplemental state law claims based on 28 U.S.C. § 1367.  CAPITAL ONE admits that venue would be proper if Plaintiff had a valid claim, but denies that Plaintiff has any claim herein.

## III. PARTIES

3. Answering paragraph 3, CAPITAL ONE does not have knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis, denies, generally and specifically, each and every averment contained therein.

4. Answering paragraph 4, CAPITAL ONE admits that it is a national banking association located in McLean, Virginia and doing business in California, and denies that it is a corporation doing business of collecting debts.

5. Answering paragraph 5, CAPITAL ONE does not have knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis, denies, generally and specifically, each and every averment contained therein.

6. Answering paragraph 6, CAPITAL ONE does not have knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis, denies, generally and specifically, each and every averment contained therein.

7. Answering paragraph 7, CAPITAL ONE does not have knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis, denies, generally and specifically, each and every averment contained therein. CAPITAL ONE states that these are legal conclusions that are not subject to admission or denial.

8. Answering paragraph 8, CAPITAL ONE does not have knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis, denies, generally and specifically, each and every averment contained therein.

9. Answering paragraph 9, CAPITAL ONE does not have knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis, denies, generally and specifically, each and every averment contained therein.  CAPITAL ONE states that these are legal conclusions that are not subject to admission or denial.

10. Answering paragraph 10, CAPITAL ONE does not have knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis, denies, generally and specifically, each and every averment contained therein.  CAPITAL ONE states that these are legal conclusions that are not subject to admission or denial.

11. Answering paragraph 11, CAPITAL ONE does not have knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis, denies, generally and specifically, each and every averment contained therein.  CAPITAL ONE states that these are legal conclusions that are not subject to admission or denial.

12. Answering paragraph 12, CAPITAL ONE does not have knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis, denies, generally and specifically, each and every averment contained therein.  CAPITAL ONE states that these are legal conclusions that are not subject to admission or denial.

### IV. FACTUAL ALLEGATIONS

13. Answering paragraph 13, CAPITAL ONE states that the FDCPA speaks for itself and denies any inconsistent and/or inaccurate allegations.  CAPITAL ONE does not have knowledge or information sufficient to form a belief as to the truth of the remaining allegations

1 in paragraph 13, and on that basis, denies, generally and specifically, each and every averment
2 contained therein.

3     14.    Answering paragraph 14, CAPITAL ONE does not have knowledge or
4 information sufficient to form a belief as to the truth of these allegations, and on that basis,
5 denies, generally and specifically, each and every averment contained therein.

6     15.    Answering paragraph 15, CAPITAL ONE does not have knowledge or
7 information sufficient to form a belief as to the truth of these allegations, and on that basis,
8 denies, generally and specifically, each and every averment contained therein.

9     16.    Answering paragraph 16, CAPITAL ONE does not have knowledge or
10 information sufficient to form a belief as to the truth of these allegations, and on that basis,
11 denies, generally and specifically, each and every averment contained therein.

12     17.    Answering paragraph 17, CAPITAL ONE does not have knowledge or
13 information sufficient to form a belief as to the truth of these allegations, and on that basis,
14 denies, generally and specifically, each and every averment contained therein.

15     18.    Answering paragraph 18, CAPITAL ONE does not have knowledge or
16 information sufficient to form a belief as to the truth of these allegations, and on that basis,
17 denies, generally and specifically, each and every averment contained therein.

18     19.    Answering paragraph 19, CAPITAL ONE admits that Lorie A. Valdivia's
19 account was charged off in or about September 2001.  CAPITAL ONE states that plaintiff's
20 credit report speaks for itself and denies any inconsistent and/or inaccurate allegations.
21 CAPITAL ONE denies, generally and specifically, the remaining allegations contained in
22 paragraph 19.

23     20.    Answering paragraph 20, CAPITAL ONE does not have knowledge or
24 information sufficient to form a belief as to the truth of these allegations, and on that basis,
25 denies, generally and specifically, each and every averment contained therein.

26     21.    Answering paragraph 21, CAPITAL ONE does not have knowledge or
27 information sufficient to form a belief as to the truth of these allegations, and on that basis,

28

DOLL AMIR & ELEY LLP
1888 Century Park East, Suite 1106
Los Angeles, CA 90067
(310) 557-9100

denies, generally and specifically, each and every averment contained therein.

22.    Answering paragraph 22, CAPITAL ONE admits that a Complaint was filed against Lorie A. Valdivia on or about January 25, 2008 in the Superior Court of California, County of Ventura, Case No. 56-2008-00311820-CL-CL-VTA.

23.    Answering paragraph 23, CAPITAL ONE states that these are legal conclusions that are not subject to denial or admission.

24.    Answering paragraph 24, CAPITAL ONE denies, generally and specifically, each and every allegation contained therein.

25.    Answering paragraph 25, CAPITAL ONE denies, generally and specifically, each and every allegation contained therein.

26.    Answering paragraph 26, CAPITAL ONE does not have knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis, denies, generally and specifically, each and every averment contained therein.

27.    Answering paragraph 28, CAPITAL ONE does not have knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis, denies, generally and specifically, each and every averment contained therein.

28.    Answering paragraph 28, CAPITAL ONE does not have knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis, denies, generally and specifically, each and every averment contained therein.

29.    Answering paragraph 29, CAPITAL ONE does not have knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis, denies, generally and specifically, each and every averment contained therein.

30.    Answering paragraph 30, CAPITAL ONE states that plaintiff's answer speaks for itself and denies any inconsistent and/or inaccurate allegations. CAPITAL ONE does not have knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 30, and on that basis, denies, generally and specifically, the remaining averments contained therein.

31. Answering paragraph 31, CAPITAL ONE does not have knowledge or information sufficient to form a belief as to the truth of these allegations, including all subparts, and on that basis, denies, generally and specifically, each and every averment contained therein.

32. Answering paragraph 32, CAPITAL ONE does not have knowledge or information sufficient to form a belief as to the truth of these allegations, including all subparts, and on that basis, denies, generally and specifically, each and every averment contained therein.

33. Answering paragraph 33, CAPITAL ONE CAPITAL ONE does not have knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis, denies, generally and specifically, each and every averment contained therein.

34. Answering paragraph 34, CAPITAL ONE does not have knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis, denies, generally and specifically, each and every averment contained therein.

35. Answering paragraph 35, CAPITAL ONE does not have knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis, denies, generally and specifically, each and every averment contained therein.

## V. FIRST CLIAM FOR RELIEF

### (Against Defendant BRACHFIELD for Violation of the FDCPA)

36. Answering paragraph 36, CAPITAL ONE hereby incorporates all of the above paragraphs of this Answer as though fully stated herein.

37. Answering paragraph 37, CAPITAL ONE denies generally and specifically, each and every averment contained therein.

   (a). Answering paragraph 37(a), CAPITAL ONE denies, generally and specifically, each and every averment contained therein.

   (b). Answering paragraph 37(b), CAPITAL ONE denies, generally and specifically, each and every averment contained therein.

   (c). Answering paragraph 37(c), CAPITAL ONE denies, generally and specifically, each and every averment contained therein.

(d). Answering paragraph 37(d), CAPITAL ONE denies, generally and specifically, each and every averment contained therein.

(e). Answering paragraph 37(e), CAPITAL ONE denies, generally and specifically, each and every averment contained therein.

(f). Answering paragraph 37(f), CAPITAL ONE denies, generally and specifically, each and every averment contained therein.

(g). Answering paragraph 37(g), CAPITAL ONE denies, generally and specifically, each and every averment contained therein.

(h). Answering paragraph 37(h), CAPITAL ONE denies, generally and specifically, each and every averment contained therein.

(i). Answering paragraph 37(i), CAPITAL ONE denies, generally and specifically, each and every averment contained therein.

(j). Answering paragraph 37(j), CAPITAL ONE denies, generally and specifically, each and every averment contained therein.

38. Answering paragraph 38, CAPITAL ONE denies, generally and specifically, each and every averment contained therein.

## VI. SECOND CLAIM FOR RELIEF

### (Against All Defendants for Violation of the Rosenthal Act)

39. Answering paragraph 39, CAPITAL ONE hereby incorporates all of the above paragraphs of this Answer as though fully stated herein.

40. Answering paragraph 40, CAPITAL ONE denies, generally and specifically, each and every averment contained therein.

41. Answering paragraph 41, CAPITAL ONE denies, generally and specifically, each and every averment contained therein.

42. Answering paragraph 42, CAPITAL ONE denies, generally and specifically, each and every allegation contained therein.

## VII. THIRD CLAIM FOR RELIEF

### (Against All Defendants for Invasion of Privacy: Intrusion Into Private Affairs)

43. Answering paragraph 43, CAPITAL ONE hereby incorporates all of the above paragraphs of this Answer as though fully stated herein.

44. Answering paragraph 44, CAPITAL ONE does not have knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis, denies, generally and specifically, each and every averment contained therein.

45. Answering paragraph 45, CAPITAL ONE denies, generally and specifically, each and every averment contained therein.

46. Answering paragraph 46, CAPITAL ONE denies, generally and specifically, each and every averment contained therein.

47. Answering paragraph 47, CAPITAL ONE denies, generally and specifically, each and every averment contained therein.

48. Answering paragraph 48, CAPITAL ONE denies, generally and specifically, each and every averment contained therein.

## AFFIRMATIVE DEFENSES

NOW WHEREFORE, having fully answered the Complaint, CAPITAL ONE asserts the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

1. The Complaint fails to state a claim upon which relief can be granted against CAPITAL ONE.

### SECOND AFFIRMATIVE DEFENSE

2. Plaintiff's causes of action are barred by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

3. Plaintiff is barred from obtaining any recovery on the allegations in her Complaint by the doctrine of unclean hands.

**FOURTH AFFIRMATIVE DEFENSE**

4. Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

**FIFTH AFFIRMATIVE DEFENSE**

5. Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

**SIXTH AFFIRMATIVE DEFENSE**

6. Damages or injuries, if any, suffered by Plaintiff are attributable to Plaintiff's own conduct, deeds, acts, words and omissions, and not to any conduct, deeds, acts, words or omissions of CAPITAL ONE.

**SEVENTH AFFIRMATIVE DEFENSE**

7. CAPITAL ONE alleges that it has performed all conditions, covenants, and obligations imposed upon it as to Plaintiff, if any, with the exception of those conditions, covenants and obligations which have been excused, waived or discharged by Plaintiff's conduct.

**EIGHTH AFFIRMATIVE DEFENSE**

8. Plaintiff is barred from recovery because the Complaint and each and every cause of action therein are barred by the doctrines of justification and privilege.

**NINTH AFFIRMATIVE DEFENSE**

9. Plaintiff is barred from recovery by the provisions of California Civil Code § 3358 and § 3359, to the extent that the amount of damages sought is excessive, unreasonable, unconscionable, and grossly oppressive.

**TENTH AFFIRMATIVE DEFENSE**

10. Plaintiff has failed to mitigate her damages.

**ELEVENTH AFFIRMATIVE DEFENSE**

11. The Complaint is barred by the acts and conduct of Plaintiff.

**TWELFTH AFFIRMATIVE DEFENSE**

12. The Complaint is barred because Plaintiff lacks standing to bring or maintain the claims set forth in the Complaint.

**THIRTEENTH AFFIRMATIVE DEFENSE**

13. Plaintiff is entitled to no attorneys' fees.

**FOURTEENTH AFFIRMATIVE DEFENSE**

14. Plaintiff is barred from any legal or equitable relief under each of the purported causes of action in the Complaint, to the extent Plaintiff has offsetting claim(s).

**SEVENTEENTH AFFIRMATIVE DEFENSE**

17. No punitive damages are recoverable in this Action. Any award of punitive damages against CAPITAL ONE is unconstitutional.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

18. CAPITAL ONE alleges that the alleged actions of the defendants were proper and did not violate any provisions of 15 U.S.C. § 1692 et. seq.

**NINETEENTH AFFIRMATIVE DEFENSE**

19. CAPITAL ONE alleges that all of its actions mentioned in this complaint were lawful, within its legal rights, and were done with a good faith belief in the exercise of that right. Further, under the circumstances, and based on information reasonably available to CAPITAL ONE, CAPITAL ONE acted in good faith in the honest belief that the acts, conduct and communications, if any, of CAPITAL ONE was justified.

**TWENTIETH AFFIRMATIVE DEFENSE**

20. CAPITAL ONE alleges that the alleged actions of CAPITAL ONE were not accompanied by actual malice, intent or ill will.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

21. Assuming arguendo that CAPITAL ONE violated a statute alleged in the complaint, which CAPITAL ONE denies, generally and specifically, each and every averment contained in the complaint, such violation was not intentional, but a result of a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

22. CAPITAL ONE alleges that at all times alleged in the complaint, it maintained

reasonable procedures in order to prevent any type of intentional violations of the Fair Debt Collection Practices Act.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

23. CAPITAL ONE alleges that if Plaintiff was damaged in any sum or sums alleged, which CAPITAL ONE denies, generally and specifically, each and every averment contained in the complaint, then Plaintiff's damages are limited by 15 U.S.C. § 1692(k)(a)(1), § 1692(k)(a)(2)(A), § 1692(k)(a)(3) and 15 U.S.C. § 1692 (k)(b)(1).

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

24. CAPITAL ONE alleges that its conduct, communications and actions, if any, were privileged pursuant to 15 U.S.C. § 1692(k)c.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

25. CAPITAL ONE alleges that if Plaintiff was damaged in any sum or sums alleged, which CAPITAL ONE denies, generally and specifically, each and every averment contained in the complaint, then Plaintiff's damages are limited by California Civil Code Section 1788.30.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

26. CAPITAL ONE alleges that the alleged actions of CAPITAL ONE was proper and did not violate any provisions of the California Civil Code Section 1788, et seq.

WHEREFORE, Defendant CAPITAL ONE prays for judgment against Plaintiff as follows:

1. That the Complaint be dismissed with prejudice in its entirety;
2. That Plaintiff take nothing by reason of their Complaint;
3. That judgment be entered in favor of Defendant CAPITAL ONE;
4. For recovery of Defendant CAPITAL ONE'S costs of suit, including its attorneys' fees to the extent recoverable by contract or law; and

Case 2:09-cv-00534-GHK-CW   Document 9   Filed 04/27/09   Page 12 of 12   Page ID #:51

5. For such other and further relief as the Court deems just.

Dated: April 27, 2009  **DOLL AMIR & ELEY LLP**

By: /s/ Hunter R. Eley
     Hunter R. Eley
Attorneys for Defendant
CAPITAL ONE BANK (USA), N.A.

DOLL AMIR & ELEY LLP
1888 Century Park East, Suite 1106
Los Angeles, CA 90067
(310) 557-9100

-12-
ANSWER OF DEFENDANT CAPITAL ONE BANK (USA), N.A.